IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HARRIET SLOAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0165-WS-B |
| | ) |
| **RIVER BIRCH HOMES, INC.,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (doc. 12).

On March 5, 2007, defendant River Birch, acting with the consent of co-defendants Hambone's Mobile Home Liquidators, Inc. and PFS Corp., removed this action to this District Court pursuant to 28 U.S.C. §§ 1331 and 1441. River Birch predicated subject matter jurisdiction on § 1331, which confers original jurisdiction to district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In particular, River Birch pointed to the Twenty-First Cause of Action, in which plaintiff alleged that defendants had violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* ("MMWA"), by breaching certain written warranties furnished to plaintiff pursuant to the mobile home sales transaction that is the subject of this lawsuit. The *ad damnum* clause of that MMWA cause of action requested entry of judgment against defendants "in an amount less than the sum or value of $50,000.00 (exclusive of interest and costs)." (Complaint, at 23-24.)

On March 21, 2007, plaintiff filed a Motion to Remand (doc. 12) for lack of federal subject matter jurisdiction. This Motion hinges on the MMWA's explicit exclusion of federal jurisdiction for MMWA claims in which the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs). *See* 15 U.S.C. § 2310(d)(3)(B). Plaintiff contends that this jurisdictional hurdle is not satisfied here, and that federal jurisdiction is therefore lacking. Significantly, the Motion to Remand was accompanied by the Affidavit of J. Charles McCorquodale, in which plaintiff's counsel averred under penalty of perjury that plaintiff, Harriet Sloan, "will not seek or accept damages on the claims arising under the Magnuson-Moss

Warranty Act in excess of the jurisdictional amount." (McCorquodale Aff., ¶ 5.)[1]

Where, as here, a plaintiff specifically pleads a damages amount below the jurisdictional threshold, the Eleventh Circuit has found that such a pleading "deserves deference and a presumption of truth. We will not assume - unless given reason to do so - that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). If a defendant removes the case to federal court, notwithstanding the plaintiff's specific pleading of a sub-jurisdictional minimum damages amount, then in order to avoid remand that "defendant must prove to a legal certainty that plaintiff's claim must exceed" the jurisdictional amount. *Id.* Thus, to obtain a federal forum, a removing defendant must establish that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $50,000." *Id.* at 1096.

In its Response (doc. 14) to the Motion to Remand, River Birch notes that the issues and arguments implicated by Sloan's Motion are substantially similar to those in at least nine other actions that have recently been remanded by judges of this District Court for want of subject matter jurisdiction.[2] River Birch further observes that the McCorquodale Affidavit includes an "unequivocal limitation of damages in this matter." (Response, at 2.) On that basis, River Birch prudently concedes that it "cannot reach its burden of proof with regard to the jurisdictional amount." (*Id.*) This Court agrees with defendant that this action is indistinguishable from the five actions that the undersigned has recently remanded to state court based on the defendants' inability to satisfy the "legal certainty" test for establishing the requisite amount in controversy for a claim under the MMWA that requests relief in an amount less than $50,000. *See*

---

[1] In weighing motions to remand, courts in this Circuit credit representations of counsel that their clients will neither seek nor accept recovery exceeding the jurisdictional amount. *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (crediting plaintiff's counsel's representation in motion to remand that plaintiff does not seek and would not accept damages in excess of jurisdictional amount).

[2] In fairness to defendants, all of these companion cases were decided after the removal of this action to federal court; therefore, River Birch did not have the benefit of those decisions in weighing its options and assessing its likelihood of success vis a vis removal.

*Carstarphen v. River Birch Homes, Inc.*, 2007 WL 841737 (S.D. Ala. Mar. 15, 2007); *Ready v. River Birch Homes, Inc.*, 2007 WL 841740 (S.D. Ala. Mar. 15, 2007); *Hill v. River Birch Homes, Inc.*, 2007 WL 858412 (S.D. Ala. Mar. 15, 2007); *Brown v. Kabco Builders, Inc.*, 2007 WL 841690 (S.D. Ala. Mar. 15, 2007); *Holmes v. Kabco Builders, Inc.*, 2007 WL 841686 (S.D. Ala. Mar. 15, 2007).

Accordingly, the removing defendants having failed to satisfy their burden of establishing that federal removal jurisdiction is proper, plaintiff's Motion to Remand (doc. 12) is due to be, and the same hereby is, **granted**. Because subject matter jurisdiction is lacking, this action is hereby **remanded** to the Circuit Court of Wilcox County, Alabama for further proceedings.

DONE and ORDERED this 10th day of April, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE